BAXTER DECORATING AND PAINTING COMPANY *v.* MICHIGAN EMPLOYMENT SECURITY COMMISSION

1. UNEMPLOYMENT COMPENSATION—TRANSFER OF BUSINESS—TRANSFER OF RATING ACCOUNT.

No single factor determines whether or not a transferee has continued all or part of a business of the transferor within the Employment Security Act's provision regarding transfers of rating accounts (MCLA § 421.22[a][2]).

2. UNEMPLOYMENT COMPENSATION—TRANSFER OF BUSINESS—TRANSFER OF RATING ACCOUNT.

A transfer of business occurred within the meaning of the Employment Security Act's provision authorizing a transfer of rating account, where there had been a transfer from one business to another of physical assets and employees, a disclosure of customers of the transferor and a good faith solicitation of these customers for the transferee by the transferor's former general manager and a gain of substantial business from former customers of the transferor (MCLA § 421.22[a][2]).

3. APPEAL AND ERROR—PRESERVING ISSUE—UNEMPLOYMENT COMPENSATION—TRANSFER OF RATING ACCOUNT.

The right to appeal the issue of whether the proper amount of rating account had been transferred pursuant to the transfer of business provisions of the Employment Security Act was properly preserved where the referee on the appeal of the transfer of the rating account stated for the record that the appeal was from the original transfer determination of 95.5%, the appeal board affirmed the referee's determination without opinion, on appeal to the circuit court the plaintiff stated as a ground of appeal that the decision of the appeal board was

REFERENCE FOR POINTS IN HEADNOTES

[1-5] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds § 10 *et seq.*

contrary to the law and the facts, and on appeal to the Court of Appeals the plaintiff raised the issue of the correctness of the amount of the rating account transferred (MCLA § 421.22 [b][1]).

4. UNEMPLOYMENT COMPENSATION—TRANSFER OF RATING ACCOUNT.

The amount of an unemployment compensation rating account to be transferred when there is a transfer of business is to be determined by the percentage of *business* transferred; a computation based solely on the value of transferred physical assets, especially where the transferor continues in business and retains most of its own employees and continues to be in competition with the transferee is improper (MCLA § 421.22 [b][1]).

5. UNEMPLOYMENT COMPENSATION—TRANSFER OF RATING ACCOUNT.

Computing the amount of an unemployment compensation rating account to be transferred due to the transfer of a business based solely on the transfer of physical assets was arbitrary where there had been a transfer of two employees who stayed with the transferee for only a short time, a disclosure of customers by the transferor to the transferee, and the transferee gained 4 out of 150 of the transferor's customers as its customers for less than a year, the transferor was a union shop and the transferee was not, the transferred physical assets could have been purchased on the open market, and the transferee continued in business after the transfer in competition with the transferee (MCLA § 421.22[b][1]).

Appeal from Kent, George V. Boucher, J. Submitted Division 3 March 2, 1971, at Grand Rapids. (Docket No. 9574.) Decided June 22, 1971.

The Employment Security Appeal Board ordered the transfer of a part of Grand Rapids Industrial's rating account to Baxter Decorating and Painting Company. Baxter Decorating and Painting Company appealed to circuit court. Affirmed. Baxter appeals by leave granted on delayed application. Affirmed in part and reversed and remanded in part.

*McCobb, Heaney & Van't Hof,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for defendant Michigan Employment Security Commission.

*Miller, Johnson, Snell & Cummiskey* (by *Bruce N. Parsons* and *Henry L. Guikema*), for defendant Grand Rapids Industrial Painting Company.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

BRONSON, J.   Plaintiff, Baxter Decorating and Painting Co. ("Baxter"), appeals from a Kent County Circuit Court judgment entered January 12, 1970, affirming a referee's finding and the Michigan Employment Security Appeal Board's order transferring 95.5% of the employment security employer's rating account previously maintained for defendant Grand Rapids Industrial Painting Co. ("GRIPCO") to Baxter, thus establishing Baxter's contribution rate at 4.4%.   Leave to bring a delayed appeal was granted July 29, 1970.

Pursuant to a contract signed July 19, 1966, GRIPCO transferred a substantial part of its physical assets, largely painting and office equipment, to plaintiff and further gave plaintiff the right to view and solicit from its customer list.   Part and parcel to this contract, Mr. William L. Harris, former president and general manager of GRIPCO, agreed to accept employment with plaintiff and to solicit former GRIPCO clientele for plaintiff.   In consideration for the above, plaintiff paid GRIPCO $17,000, in addition to making a separate financial arrangement with Harris.   Apparently at the time the contract was executed GRIPCO intended to

terminate operations, but the contract made no such requirement.

Harris remained with plaintiff for about eight months, during which time he was successful in soliciting three or four former GRIPCO customers for plaintiff, two of which provided a substantial amount of business for a time. Meanwhile, GRIPCO had rented or purchased equipment with which to conclude all unfinished jobs, but with such equipment has accepted new business and continues in business under the same name and in the same manner without interruption.

On August 24, 1967, defendant Michigan Employment Security Commission (MESC) communicated to plaintiff its determination that plaintiff had acquired physical assets reflecting 95.5% of the payroll of GRIPCO and, accordingly, would transfer 95.5% of GRIPCO's high rating account to plaintiff, pursuant to MCLA § 421.1 *et seq.* (Stat Ann 1968 Rev § 17.501 *et seq.*). Plaintiff's request for a redetermination was concluded with the same result. Plaintiff appealed these findings, seeking a hearing before a referee that *inter alia* there had been no "transfer of business" from GRIPCO to plaintiff to warrant such a determination. See MCLA 1971 Cum Supp § 421.22(a)(2) (Stat Ann 1971 Cum Supp § 17.524[a][2]). After two hearings, the referee found that a "transfer of business" within the terms of the statute had occurred in that plaintiff had continued "part of the business of the transferor [GRIPCO]". The appeal board upheld this finding by the referee on February 7, 1969, without opinion.

## I

Two issues are presented for review on this appeal. The first is whether appellee MESC erred

in its determination that a "transfer of business" within the meaning of § 22(a) of the Employment Security Act occurred between GRIPCO and Baxter.

MCLA 1971 Cum Supp § 421.22(a)(2) (Stat Ann 1971 Cum Supp § 17.524[a][2]) provides, in pertinent part:

"Sec. 22.  (a)  If an employer subject to this act transfers subsequent to June 30, 1954, any of the assets of his business by any means otherwise than in the ordinary course of trade, such transfer shall be deemed a 'transfer of business' for the purposes of this section if the commission determines:

\* \* \*

"(2) That the transferee has acquired and used the transferor's trade name or good will, or that the transferee has continued or within 12 months after the transfer resumed all or part of the business of the transferor either in the same establishment or elsewhere."

The circuit court affirmed the determinations previously made by the referee and the appeal board by holding that a "transfer of business" had occurred under the statute:

"The hard question presented by this appeal is whether or not the record supports a finding" \* \* \* that the transferee has continued or \* \* \* resumed all or part of the business of the transferor \* \* \* ", the requirements set out in subsection (2) of Section 22(a).  The transferee here did not obtain all of a business operation or trade mark, as in *Valley Metal Products Company* v. *Employment Security Commission* (1961), 365 Mich 297, or acquire an almost intact labor force, as in *Employment Security Commission* v. *Allied Supermarkets, Inc.* (1968), 10 Mich App 650.  (As an aside, it should be noted that the *Valley Metal* de-

cision, *supra,* did not require a transfer of accounts receivable, for which Baxter argues so strenuously here.)    A review of the record, including the exhibits, does reveal, however, substantial evidence to satisfy the test laid down in the concurring opinion in *Employment Security Commission* v. *Arrow Plating Company, Inc.* (1968), 10 Mich App 323, 332: similarity between transferor and transferee of method of operation, product, and customers. Both painting contractors, Baxter used the type of equipment and supplies it purchased from GRIPCO. Baxter obtained some of GRIPCO's customers. They were in competition both before and after the transfer.    Although it seems onerous for a purchaser to accumulate an unfavorable rating account and high contribution rate as the result of a transaction which apparently did not bring it the lasting benefits for which it had hoped nor bring it most of the employees for whom the rating account had been developed, the test under the Michigan Employment Security Act is not whether the successor employer made a good bargain or obtained transfer of employees.    The test is transfer of business, defined as a continuation or resumption of all *or part of the transferee's business.*    The transfer need not result in an increase in business for the transferee. The statute fails to require that the. continuation or resumption be either successful or unsuccessful." (Emphasis supplied.)

No single factor determines whether or not a transferee has continued all or part of a business of the transferor.    See *Valley Metal Products Company* v. *Employment Security Commission* (1961), 365 Mich 297; *Employment Security Commission* v. *Allied Supermarkets, Inc.* (1968), 10 Mich App 650; *Employment Security Commission* v. *Arrow Plating Company, Inc.* (1968), 10 Mich 323, 330 (LEVIN, J., *concurring*).    The testimonial record and the exhibits support the findings that various business

factors were transferred from GRIPCO to Baxter, including operative physical assets, disclosure of customers, good faith solicitation of customers for Baxter by Mr. Harris, and a gain of substantial business from four former GRIPCO customers.

Applying these facts, which are supported by competent, material, and substantive evidence, we find no error in the trial court's determination that Baxter had continued part of the business of GRIPCO. See *Valley Metal Products Company* v. *Employment Security Commission, supra; Employment Security Commission* v. *Allied Supermarkets, Inc., supra; Employment Security Commission* v. *Arrow Plating Company, Inc., supra.*

## II

Whether the determination of appellee MESC that 95.5% of GRIPCO's rating account should be transferred to Baxter was supported by competent, material, and substantial evidence on the whole record and justified under § 22(b)(1) of the Employment Security Act?

Section 22(b)(1) reads as follows:

"(b)(1)   In the case of a transfer of business as defined in subsection (a) of this section, the commission shall assign the transferor's rating account, or a pro rata part thereof, to the transferee. The commission shall make such assignment as of the date on which the business was transferred or as of June 30 of the year in which the business was transferred, whichever date is earlier. The pro rata part of the transferor's rating account to be assigned to the transferee shall be determined on the basis of the percentage relationship (to the nearest 1/2 of 1%) of the insured payroll for the 4 completed calendar quarters immediately prior

to the date of transfer properly *allocable to the transferred portion of the business,* to the insured payroll for the same period *allocable to the entire business* of the transferor immediately prior to the date of the transfer." (Emphasis supplied.)

Defendants have asserted that this issue has not been preserved for appeal. In support of our conclusion that it has been preserved, we refer to that which the referee stated at the beginning of the hearing on Baxter's appeal:

"*Referee:* Let the record show that this is an appeal by Baxter Decorating and Painting Company, filed on September 18, 1967, from a redetermination issued September 14, 1967, holding that *95.5% of the rating account previously maintained for Grand Rapids Industrial Painting Company Employer Number 112501–00 was properly transferred to Baxter Decorating and Painting Company and the 1967 contribution rate properly established at 4.4%.*"

The Employment Security Commission Appeal Board affirmed the hearing referee's decision that 95.5% of the rating account previously maintained for GRIPCO was properly transferred to Baxter without further opinion.

In Baxter's appeal to the circuit court, the first ground stated as a reason for appeal is as follows:

"1. The decision of the appeal board is contrary to the law and the facts."

A part of the decision of the appeal board transferred 95.5% of GRIPCO's rating account to Baxter and thus this issue was before the circuit court and is properly before this Court.

Our determination that a "transfer of business" within the terms of the statute occurred based on the fact that Baxter had continued "part of the

business of the transferor", brought into operation MCLA 1971 Cum Supp § 421.22(b)(1) (Stat Ann 1971 Cum Supp § 17.524[b][1].)

The terms of this statute required a determination of the percentage of *business* assigned by GRIPCO to Baxter. We have searched the record and find no competent, material and substantial evidence in the whole record supporting the order allocating 95.5% of GRIPCO's rating account to Baxter. GRIPCO under the transaction transferred to Baxter physical assets that could have been purchased anyplace on the open market, together with the services of questionable value of one of the officers of GRIPCO for eight months and one employee of GRIPCO who worked two weeks for Baxter, plus a list of 150 customers of GRIPCO whom Baxter could solicit for business. Four of these 150 customers became customers of Baxter for a period of less than one year. Baxter had a nonunion shop and GRIPCO was a union shop, thus precluding a great share of GRIPCO's business from Baxter. GRIPCO reserved in the agreement its trade name and goodwill, the right to continue business, which it did, some personal property, all of its employees except the two previously mentioned, and all accounts receivable, as well as its place of business, where it continued to do business.

The original determination of the MESC stated that 78% of the physical assets of GRIPCO was acquired by Baxter. In this computation no value was placed upon the trade name or goodwill of GRIPCO. *Employment Security Commission* v. *Arrow Plating Company, Inc., supra.* There was no evidence in the record to show how many employees were retained by GRIPCO after the agreement with Baxter or how much of the business of

GRIPCO was retained as a basis to determine the percentage of the rating account to be transferred from GRIPCO to Baxter. It is undisputed that GRIPCO did continue in business and at the hearing on the appeal was still in the business and in competition with Baxter. This transaction called for a partial transfer of the business of GRIPCO to Baxter. The determination of the MESC was based upon the percentage of physical assets transferred. The statute requires that the MESC determine the percentage of *business* that is transferred in order to determine the percentage of rating account to be given the transferee. A proper determination cannot be based solely on the value of transferred physical assets, especially where the transferor continues in business and retains most of its own employees and continues to be in competition with the transferee. The investigator stated he did not inquire as to the number of employees that continued in GRIPCO's employment or the amount of business that GRIPCO enjoyed before the transaction as compared to the amount of business it enjoyed after the transaction.

We determine that the computation of the percentage of the rating account of the transferor to the transferee under the facts in this case was arbitrary and that justice requires a remand to the MESC for a new determination of the transferor's *pro rata* rating account to be transferred to the transferee. MCLA 1971 Cum Supp § 421.38 (Stat Ann 1968 Rev § 17.540).

Affirmed in part and reversed in part and remanded to the MESC for further proceedings not inconsistent with this opinion. Costs of this Court to plaintiff.

All concurred.